# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**Charles Larry McGraw**
**and Nikki McGraw**                                                **PLAINTIFF(S)**

**vs**                                   **CIVIL ACTION NO. 5:12cv90-DCB-RHW**

**Lone Star Industries, Inc., et al.**                              **DEFENDANT(S)**

## OPINION AND ORDER

This cause is before the Court on Plaintiff's Emergency Motion to Remand [**docket entry no. 3**] and Emergency Motion for Joinder [**docket entry no. 4**]. Having carefully considered the Motions, the Parties responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Procedural History

Plaintiff Charles Larry McGraw, a resident of Mississippi, filed suit on February 6, 2009, against various defendants in the Circuit Court of Claiborne County, Mississippi, alleging that the defendants caused his silicosis. The case proceeded to trial. After the parties delivered their opening statements, McGraw settled his claims against all named defendants. But, three months after trial and shortly before the defendants were dismissed from the case, the trial judge allowed McGraw to amend his complaint to add his wife, also a resident of Mississippi, as a plaintiff and also to add an additional five out-of-state defendants. The amended complaint *was not* served on the new defendants. Not long thereafter, McGraw filed

a second amended complaint—this time without leave of court—to name a sixth, in-state defendant company. The second amended complaint *was* served on all six newly named defendants.

Shortly after being served, all defendants moved for summary judgment or, in the alternative, to strike the second amended complaint and dismiss the first complaint. They argued that the trial judge should not have allowed McGraw to file an amended complaint after he had settled with the first group of defendants. They also maintained that the second amended complaint was invalid because McGraw did not receive permission to file it. The trial judge denied the motion. The defendants then petitioned the Mississippi Supreme Court for interlocutory review, which it granted. Sitting en banc, the supreme court held that the trial judge properly allowed the first amended complaint to be filed but should not have permitted McGraw to file the second amended complaint. Because the first amended complaint had not been served on the defendants, the supreme court remanded the case "so that [the trial court] may determine whether to allow the plaintiff properly to effectuate service." Lone Star Indus., Inc. v. McGraw, 90 So. 3d 564, 570 (Miss. June 7, 2012).

Following remand, the five out-of-state defendants waived service of the first amended complaint and immediately removed the case to this Court on the basis of diversity jurisdiction. The sixth, non-diverse defendant, which was a party to the litigation

before the supreme court, did not waive service and is not presently a party to this lawsuit. More than two weeks after removal, the Plaintiffs filed an Emergency Motion to Remand and Emergency Motion for Joinder, which the Defendants oppose. The Motions present different legal arguments but seek the same result: the Plaintiffs want their case back in state court.

## II. Analysis

**1. Removal Was Not Permitted by 28 U.S.C. § 1446(b)**

In the Fifth Circuit removal of a case from state court is part procedural and part jurisdictional, procedural because the defendant must adhere to statutorily imposed deadlines for removal and jurisdictional because the district court to which the case is removed must have original jurisdiction. See, e.g., Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd., 328 F. App'x 946, 948 n.1 (5th Cir. 2009) ("In this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error."); Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003) ("[T]he time limit for removal is not jurisdictional; it is merely modal and formal and may be waived." (internal quotation marks and citation omitted)). The Plaintiffs do not challenge that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Instead, they argue that removal was procedurally deficient because it was prohibited by the Mississippi Supreme Court's order and improper

3

under 28 U.S.C. § 1446(b).

The Court can quickly dispense with the notion that the Mississippi Supreme Court's interlocutory order was an obstacle to removal. As an initial matter, neither party violated the plain language of the order. The supreme court instructed the trial judge to determine whether to allow McGraw to serve the Defendants. The Defendants' election to waive service of process of the first amended complaint rendered this order moot. But, even if the order was not moot, removal is a matter of federal law, and the removal statute's proper application may not be obstructed by a state court law or, in this case, an order. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941); Mason City & Ft. D.R. Co. v. Boynton, 204 U.S. 570, 579 (1907); Norman v. Sundance Spas, Inc., 844 F. Supp. 355, 357 (W.D. Ky. 1994); Shaver v. Arkansas-Best Freight Sys., Inc., 171 F. Supp. 754, 759 (W.D. Ark. 1959).

For the purposes of removal, 28 U.S.C. § 1446(b) begins and ends the Court's analysis. More specifically, the second paragraph of that statute governs the present dispute. It provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after *commencement of the action*.

28 U.S.C. § 1446(b) (1994) (emphasis added).[1] The Plaintiffs read this statute to bar removal because the state court action against the original defendants commenced on February 6, 2009, some three years before removal, or in the alternative, the state court action against the present Defendants commenced in January 19, 2010, more than one year before removal. The Defendants maintain that the one-year bar does not apply because the case *against them* either commenced when they received notice of the first amended complaint on January 19, 2010, and the time for filing a notice of removal was tolled by their appeal to the Mississippi Supreme Court, or commenced on the date that they waived service of the first amended complaint. Alternatively, they argue that, if the one-year period began to run at the time the initial complaint was filed, the Fifth Circuit's equitable exception to the one-year bar applies because there is evidence of forum manipulation. The question presented, then, is: Does the one-year bar to removal apply to the present Defendants, which were joined more than one year after the action had been commenced against other defendants, and if so, should the Court apply the Fifth Circuit's Tedford exception to permit these Defendants to remove?

---

[1] The remand statute was amended in 2011, effective January 6, 2012. See Federal Courts and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (2011). The amendments do not apply to the present action, which was commenced before their effective date. The above-quoted paragraph has been rearranged by the amendments, and a bad-faith exception to the one-year bar has been added.

To begin, the Court rejects the Defendant's argument that the action against them commenced on the date they were brought into the suit. There is a wealth of case law, both in this jurisdiction and beyond, that addresses the meaning of the phrase "commencement of the action," see, e.g., Turner v. Ford Motor Co., 116 F. Supp. 2d 755 (S.D. Miss. 2000); Jenkins v. Sandoz Pharm. Corp., 965 F. Supp. 861 (N.D. Miss. 1997); Morrison v. Nat'l Ben. Life Ins. Co., 889 F. Supp. 945 (S.D. Miss. 1995); see also, e.g., Norman, 844 F. Supp. 355, but both Parties fail to cite to any of it in their briefs, instead relying on their own conceptions of when an action commences.

While interpretation of a federal statute is a matter of federal law, the date of the action's commencement in a Mississippi court is determined by reference to Mississippi law. See Namey v. Malcolm, 534 F. Supp. 2d 494, 497 (M.D. Pa. 2008); Robinson v. J.F. Cleckley & Co., Inc., 751 F. Supp. 100, 104 (D.S.C. 1990); Norman, 844 F. Supp. at 357. The Mississippi Rules of Civil Procedure provide that "a civil action is commenced by filing a complaint with the court." Miss. R. Civ. P. 3. Courts that have analyzed the language of this rule, which is modeled on its federal predecessor, have uniformly interpreted it to mean that an action is commenced only once, and that is done by filing the *initial* complaint. Turner, 116 F. Supp. 2d at 761; Jenkins, 965 F. Supp. at 865; Morrison, 889 F. Supp. at 948; Norman, 844 F. Supp. at 357. This

Court agrees with this interpretation and, given that the Defendants have not offered any authority to the contrary, sees no reason to reiterate the sound rationale supporting it. Because the Defendants removed the case some three years after the intitial complaint was filed, the Court holds that the Defendants removed the case more than one year after the commencement of the action. Therefore, the case must be remanded unless an exception to the statute is warranted.

**2. There Is No Evidence of Forum Manipulation**

Anticipating the possibility of this conclusion, the Defendants cite Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003) for the proposition that the Plaintiffs' piecemeal prosecution of this case, culminating in the last minute attempt to add a non-diverse defendant, warrants an exception to the statutory bar. Def.s' Resp. at 5. The Defendants' invocation of Tedford, however, is unpersuasive. Tedford applies when a plaintiff takes some sort of voluntarily action that affects the case's removability more than one year after the commencement of the action, justifying the inference of foul play. Tedford, for instance, joined a non-diverse defendant three hours after the defendants informed her that they planned to remove *and* dismissed the same defendant exactly one day after the one-year deadline expired. Tedford, 327 F.3d at 428-29; see also, e.g., Smith v. Wal-Mart Stores, Inc., 489 F. Supp. 2d 600, 602 (N.D. Miss. 2007)

7

(providing an example of the most common tactic: amending the amount in controversy more than one year after the action commences); Ardoin v. Stine Lumber Co., 298 F. Supp. 2d 422, 427 (W.D. La. 2003) ("*Once one year had elapsed*, plaintiffs began to dismiss defendants." (emphasis added)).

The record in this case indicates that the Plaintiffs served the summons and the complaint on Dependable Abrasives on February 3, 2010, which was five days before the expiration of the one-year deadline.[2] See docket entry no. 1-3 at 15, 53, 53. The Plaintiffs, however, have not taken any action after the expiration of the deadline that would indicate that Dependable Abrasives was joined for the purpose of manipulating jurisdiction.[3] In fact, the Parties, in their briefs both for and against the Motion for Joinder, appear to agree that the Plaintiffs have a valid cause of action against Dependable Abrasives. They primarily differ as to whether Dependable Abrasives should have been joined before this date. As tempting as it may be to suspect an ulterior motive from the way the Plaintiffs have handled their case, at this point the Plaintiffs' explanation—that they are prosecuting the case as it continues to unfold—has not been rebutted by any evidence to the contrary. In sum, this case's history does not demonstrate that the Plaintiffs "attempted to manipulate the statutory rules for

---

[2] Because February 7, 2010, was a Sunday, the deadline for removal was Monday, February 8, 2010. See Fed. R. Civ. P. 6(a).

determining federal removal jurisdiction," Tedford, 327 F.3d at 428-29, and therefore the case must be remanded to the Circuit Court of Claiborne County, Mississippi.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** the Plaintiffs' Emergency Motion to Remand [**docket entry no. 3**] is **GRANTED**. The Court, however, denies the Plaintiffs' request for costs. **IT IS FURTHER HEREBY ORDERED THAT** the Plaintiffs' Emergency Motion for Joinder [**docket entry no. 4**] is **DISMISSED AS MOOT**.

So **ORDERED**, this the 24th day of October, 2012.

                                                        /s/ David Bramlette
                                       **UNITED STATES DISTRICT JUDGE**